UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER M. MONGIELLO,

Plaintiff,

-against-

CITY OF NEW ROCHELLE, ET AL.,

Defendants.

24-CV-4842 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that a City Marshal for the City of New Rochelle assaulted and battered him during an eviction. By order dated July 17, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants City of New Rochelle, Office of the City Marshal, and Will Ortiz through the U.S. Marshals Service, the Clerk of Court is instructed

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue summonses for Defendants City of New Rochelle, Office of the City Marshal, and Will Ortiz, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   July 19, 2024
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

2

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    City of New Rochelle
      New Rochelle Law Department
      515 North Ave
      New Rochelle, NY 10801

2.    Office of the City Marshal
      New Rochelle Law Department
      515 North Ave
      New Rochelle, NY 10801

3.    Will Ortiz
      Marshal for the City of New Rochelle
      New Rochelle Law Department
      515 North Ave
      New Rochelle, NY 10801